JAMES CONOVER, PLAINTIFF IN ERROR, v. ATLANTIC CITY AND THOMAS E. GREGSON, DEFENDANTS IN ERROR.

Submitted December 12, 1905—Decided June 18, 1906.

The city council of Atlantic City has authority to license inns and taverns.

---

On error to the Supreme Court, whose opinion is reported in 43 *Vroom* 103.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error Atlantic City, *Harry Wootton.*

For the defendant in error Gregson, *Charles C. Babcock.*

The opinion of the court was delivered by

GARRETSON, J.   The question to be determined is whether Atlantic City has authority to license inns and taverns.

Atlantic City was incorporated by an act of the legislature in 1854 (*Pamph. L., p.* 278), and that charter was revised and amended in 1866 (*Pamph. L., p.* 314).

By section 28 of the act of 1854, and section 10 of the act of 1866, it was provided that the city council of Atlantic City, when assembled, by a majority of votes, should have the sole and exclusive right and power of licensing and assessing every innkeeper and tavernkeeper residing within said city for such time or term as they might deem expedient, otherwise subject to the same restrictions and provisions and in like manner in every particular as the same was or might be lawfully done by the Inferior Court of Common Pleas in this state.

In 1902 the legislature passed an act entitled "An act relating to, regulating and providing for the government of cities." *Pamph. L., p.* 284.   This act became operative in Atlantic City by virtue of an assent thereto by a majority of the legal voters thereof voting at an election held pursuant to section 116 of the act.

By section 115 of the act of 1902, *supra,* it is provided "all laws in force in such city not inconsistent with or repugnant to the provisions of this act shall remain and continue in force, and all powers conferred and duties imposed thereby upon the governing body or any municipal officer thereof, shall apply to and be conferred upon all boards and bodies created and officers to be elected or appointed under the authority of this act having like or corresponding powers or duties."

By section 20 of the same act the city council is vested

with full and exclusive power to license or prohibit the sale of malt, spirituous, vinous and all intoxicating liquors, and by ordinance to regulate and prescribe the terms and conditions upon which licenses shall be granted, the restrictions and limitations imposed and the fees to be paid, which are not to be less than the minimum fees prescribed by law. Section 21 directs that in granting licenses the form of application and mode of procedure prescribed for the granting of such licenses by the general laws of the state applicable thereto shall be observed.

It is contended that these provisions do not confer upon Atlantic City the power to license inns and taverns, but it already had that power by its charter of 1854, and that power is expressly reserved to it by section 115 of the act of 1902, *supra,* and such power is in no way inconsistent with or repugnant to the provisions of sections 20 and 21, *supra.* Indeed, these sections seem to be intended to make more effective the power granted by the charter of 1854.

We conclude that the city council of Atlantic City has authority to license inns and taverns. In this case, in the Supreme Court, the learned justice states, in his opinion, that he is satisfied that the applicant was not recommended by twelve freeholders, as required by the act concerning inns and taverns, but concludes, for the reasons stated by him, that that objection cannot be taken advantage of in this proceeding. With this conclusion we agree, but we are not willing to seem to countenance the granting of a license upon an illegal application by affirming the proceedings of the city council, which was the judgment of the Supreme Court.

The judgment of the Supreme Court will therefore be reversed in order that the writ of *certiorari* may be dismissed by the Supreme Court.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 14.